UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE LOGGINS,

        Petitioner,

  v.

JEFFERY A UTTECHT,

        Respondent.

CASE NO. C13-5143 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
AUGUST 2, 2013

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

      The Court recommends dismissing the petition as time barred because petitioner did not exhaust any issue in either his direct appeal or his first personal restraint petition and petitioner waited over one year between filing his first and second personal restraint petition. Petitioner has waited over eleven years since his conviction became final to file his federal habeas corpus petition. In the alternative, the Court recommends dismissal based on procedural bar because

REPORT AND RECOMMEDATION - 1

1  petitioner did not properly exhaust any claim in state court and he is now barred from returning
2  to state court.

## BASIS FOR CUSTODY

On February 5, 1999, a Pierce County jury found petitioner guilty of murder in the second degree, assault in the first degree, and burglary in the first degree (ECF No. 21, Exhibit 1). By special verdict, the jury also found petitioner committed these three crimes using a deadly weapon other than a firearm (*id.*). On April 9, 1999, the Superior Court found petitioner to be a persistent offender and the court sentenced petitioner to life without the possibility of parole (*id.*). The prior convictions used by the Washington State Superior Court at sentencing included a 1990 Florida assault conviction and a 1979 Florida assault conviction (ECF No. 21, Exhibit 6 p.1). The Superior Court used petitioner's second degree murder conviction as the final serious conviction needed to sentence him to life without the possibility of parole.

## PROCEDURAL HISTORY

Petitioner filed a direct appeal and he filed a supplemental pro se brief (ECF No. 21, Exhibit 2 and 4). On July 13, 2001, the Washington State Court of Appeals affirmed petitioner's conviction and sentence (ECF No., 21, Exhibit 6). The issues raised in the direct appeal are not relevant because the petitioner did not exhaust his claims by filing a motion for discretionary review.  However, the Washington State Court of Appeals specifically found that the Superior Court properly counted petitioner's 1979 Florida assault conviction as a strike (*id.*). Petitioner did not contest as strikes the use of the 1990 Florida conviction or his Washington second degree murder conviction (*id.*).

Because petitioner did not file a motion for discretionary review, his conviction became final for purposes of filing a federal habeas corpus petition on August 13, 2001. *See* 28 U.S.C. §

2244(d). Thus, petitioner's direct appeal did not exhaust any claim and the statute of limitations for filing a federal habeas corpus petition began to run August 13, 2001.

Petitioner sent a letter to the Washington State Court of Appeals in April of 2003 -- approximately one year and seven months after his direct appeal had been dismissed. Petitioner asked the court about the status of his appeal (ECF No. 21, Exhibit 8). On May 28, 2003, the court informed petitioner that his direct appeal had been denied (ECF No. 21, Exhibit 9). On June 23, 2003, petitioner filed his first personal restraint petition (ECF No. 21, Exhibit 10). On December 10, 2003, the Washington State Court of Appeals dismissed the petition as time barred (ECF No. 21, Exhibit 14). Again, petitioner failed to file a motion for discretionary review with the Washington State Supreme Court. Petitioner's time for filing a motion for discretionary with the Washington State Supreme Court review lapsed on January 9, 2004. Thus, petitioner's first personal restraint petition did not exhaust any issue because it was not presented to the state's highest court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985)

On June 30, 2005 -- approximately one and one half years after failing to exhaust his prior appeal -- petitioner presented his second personal restraint petition to prison officials for mailing (ECF No. 21, Exhibit 16). On May 24, 2006, the Washington State Court of Appeals dismissed this petition as time barred (ECF No. 21, Exhibit 19). On July 19, 2006, petitioner mailed a motion for reconsideration that the Washington State Court of Appeals forwarded to the Washington State Supreme Court to be handled as a motion for discretionary review (ECF No. 21, Exhibit 21). On October 13, 2006, the Washington State Supreme Court found petitioner's filings were time barred and denied discretionary review (ECF No. 21, Exhibit 24). The

1  Washington Supreme Court noted that even if it considered equitable tolling, petitioner has
2  waited too long to file his petition (*id*.).

3      On July 15, 2011, petitioner filed his third personal restraint petition (ECF No. 21,
4  Exhibit 26). The Washington State Court of Appeals dismissed the petition as time barred (ECF
5  No. 21, Exhibit 27). Petitioner sought discretionary review (ECF No. 21, Exhibit 28). On
6  January 26, 2012, the Washington State Supreme Court denied petitioner's motion (ECF No. 21,
7  Exhibit 29). Petitioner filed a motion for reconsideration and the Washington State Supreme
8  Court denied petitioner's motion (ECF No. 21, Exhibits 30 and 31).

9      Petitioner filed the federal habeas corpus petition that is now before the Court on January
10 9, 2013 (ECF No. 1). Thus, petitioner filed this petition over eleven years after his conviction
11 became final on August 13, 2001 (ECF No. 21, Exhibit 6).

12     STANDARD OF REVIEW

13     Federal courts may intervene in the state judicial process only to correct wrongs of a
14 constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). 28 U.S.C. § 2254
15 explicitly states that a federal court may entertain an application for writ of habeas corpus
16 "only on the ground that [petitioner] is in custody in violation of the constitution or law or
17 treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated that
18 federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502
19 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37,
20 41 (1984).

21     A habeas corpus petition shall not be granted with respect to any claim adjudicated on the
22 merits in the state courts unless the adjudication either: (1) resulted in a decision that was
23 contrary to, or involved an unreasonable application of, clearly established federal law, as
24

1  determined by the Supreme Court; or (2) resulted in a decision that was based on an

2  unreasonable determination of the facts in light of the evidence presented to the state courts. 28

3  U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed

4  correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

5  convincing evidence. 28 U.S.C. §2254(e)(1).

6                                          EVIDENTIARY HEARING

7         Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C.

8  §2254(e)(2), a hearing will only occur if a habeas applicant has failed to develop the factual basis

9  for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of

10 constitutional law, made retroactive to cases on collateral review by the Supreme Court that was

11 previously unavailable, or if there is (2) a factual predicate that could not have been previously

12 discovered through the exercise of due diligence; and (B) the facts underlying the claim would

13 be sufficient to establish by clear and convincing evidence that but for constitutional error, no

14 reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C.

15 §2254(e)(2).

16        Petitioner fails to meet any of these criteria. The claims in the petition are ineffective

17 assistance of appellate counsel and that his persistent offender sentence is improper (ECF No. 1).

18 Petitioner does not claim actual innocence. Both of petitioner's claims were known to petitioner

19 before he filed his first personal restraint petition. Petitioner did not file a motion for

20 discretionary review when his first personal restraint petition was denied.

21        Therefore, an evidentiary hearing is not warranted in this case and the case can be

22 decided on the record presented.

23

24

REPORT AND RECOMMEDATION - 5

1 DISCUSSION

2	A.	Time bar.

3	Federal habeas corpus petitions are subject to a statue of limitations under the 1996

4 amendments to 28 U.S.C. § 2244(d).  28 U.S.C. § 2244(d) provides as follows:

5	(1)  A 1-year period of limitation shall apply to an application for a writ of
	habeas corpus by a person in custody pursuant to the judgment of a State
6	court.  The limitation period shall run from the latest of-

7		(A)  the date on which the judgment became final by conclusion of direct
	review or the expiration of the time for seeking such review;
8		(B)  the date on which the impediment to filing an application created by
	State action in violation of the constitution or laws of the United States is
9	removed, if the applicant was prevented from filing by such State action;
		(C)  the date on which the factual predicate of the claim or claims
10	presented could have been discovered through the exercise of due diligence.

11	(2)  The time during which a properly filed application for State post-
	conviction or other collateral review with respect to the pertinent judgment or
12	claim is pending shall not be counted toward any period of limitation under
	this subsection.

13
	Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on
14
which the state court judgment became final by the conclusion of direct review or the expiration
15
of the time for seeking such review. Here, petitioner's conviction became final on August 13,
16
2001, which was thirty days after the Washington State Court of Appeals denied his direct appeal
17
(ECF No. 21, Exhibit 6). Petitioner had until August 13, 2002 to file a petition in federal court.
18
The one-year federal time frame for filing a habeas corpus petition expired well before petitioner
19
filed his first personal restraint petition in June of 2003.
20
	B.	Equitable tolling.
21
	The one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable
22
tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to
23
file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting Calderon*
24

1 *v. United States Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc)) (other citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *BHS*. However, "equitable tolling is unavailable in most cases." *Miles*, 187 F.3d at 1107 (*citing Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)). To obtain equitable tolling, petitioner has the burden of showing both that petitioner pursued his rights diligently, and that "extraordinary circumstances" prevented petitioner's filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005) (*citing Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner makes no showing that he is entitled to equitable tolling. Further, even if the Court considered plaintiff's failure to pursue his direct appeal as excused, because he arguably did not know it had been dismissed, this would only allow the filing of the first personal restraint petition. When that petition was dismissed by the Washington State Court of Appeals on December 10, 2003, petitioner had thirty days to file a motion for discretionary review (ECF No. 21, Exhibit 14). Petitioner failed to file a motion for discretionary review. Thus, at the very latest, petitioner conviction became final on January 9, 2004 and petitioner had until January 9, 2005, to file something that would toll the running of the statute. Petitioner did not file his second personal restraint petition until June 30, 2005 (ECF No. 21, Exhibit 16). Thus, even if the Court allowed petitioner to excuse his first failure to exhaust any issue, petitioner would still be time barred because of his second failure to properly exhaust an issue. For these reasons, this Court recommends finding that equitable tolling is not available, and that the Court dismiss the petition as time barred.

1  B.  Procedural Bar.

2  Respondent also argues the petition is procedurally barred because he did not exhaust his

3 state court remedies (ECF No. 20, pp. 9-10). As a threshold issue the Court must determine

4 whether or not petitioner has properly presented the federal habeas claims to the state courts. 28

5 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

10  Petitioner did not exhaust any issue on direct appeal or in his first personal restraint

11 petition because he did not file a motion for review in the state's highest court. To exhaust state

12 remedies, petitioner's claims must have been fairly presented to the state's highest court. *Picard*

13 *v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985)

14 (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did

15 not reach the argument on the merits).

16  None of petitioner's subsequent filings exhausted any issue because the petitions were

17 time barred and the state courts did not reach the merits except in alternative holdings. When

18 claims are unexhausted and petitioner cannot return to state court, the claims are procedurally

19 barred. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). For these reasons, the Court finds that

20 petitioner failed to exhaust his state court remedies.

21  C.  Cause and prejudice or actual innocence.

22  If a prisoner fails to exhaust his state court remedies, he may still obtain federal

23 habeas review of his conviction or sentence if he establishes either: (1) cause for the

24

default and actual prejudice resulting from the alleged constitutional error; or (2) that a fundamental miscarriage of justice will result if the claim is not reviewed. If petitioner claims that there has been a fundamental miscarriage of justice, then petitioner must prove his "actual innocence." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner in this case does not show cause for the default or any actual prejudice resulting from any alleged constitutional error. While petitioner claims that he was unaware of the denial of his appeal in the court of appeals and may have cause for not exhausting his direct appeal, he has not shown any cause for his failure to exhaust his claims in his first personal restraint petition. Petitioner simply failed to properly exhaust his claims in state court and he is now time barred under state law.

Furthermore, the Court does not find that there has been a fundamental miscarriage of justice because petitioner has never argued that he is innocent of the crimes for which he was convicted.. Thus, the Court recommends finding the petition is procedurally defaulted, as an alternative ground for dismissing the petition.

## CERTIFICATE OF APPEALABILITY AND OBJECTIONS

Petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

1 | Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of
2 | appealability with respect to this petition.

3 |      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
6 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8 | August 2, 2013, as noted in the caption.

9 |      Dated this 3rd day of July, 2013.

                                                  J. Richard Creatura
                                                  United States Magistrate Judge